IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| PREMIER TRAILER LEASING, INC., : | | |
| : | Civil No. 12-6777 (RBK/KMW) | |
| Plaintiff, : | | |
| : | | |
| v.  : | **OPINION** | |
| : | | |
| CREWE TRANSFER; LARRY BATTLE; : | | |
| MARY BATTLE; BATTLE AND : | | |
| BATTLE COMMUNICATIONS D/B/A : | | |
| CONSOLIDATED LOGISTICS, J/S/A : | | |
| : | | |
| Defendant. : | | |

**KUGLER**, United States District Judge:

This matter arises out of a dispute over an agreement between Plaintiff Premier Trailer Leasing, Inc. ("Plaintiff") and Defendants Crewe Transfer, Larry Battle, Mary Battle, and Battle and Battle Communications (collectively, "Defendants") to lease certain trucking equipment. Currently before the Court are multiple motions, one filed by Defendants questioning this Court's jurisdiction over them (Doc. No. 3), and two filed by Plaintiff seeking to amend its Complaint (Doc. Nos. 5, 13). For the reasons stated herein, the Court finds that neither Plaintiff's original Complaint, nor its proposed Amended Complaint, nor any of the exhibits attached by either party come close to demonstrating that the Court may properly exercise personal jurisdiction over Defendants. It further finds that any attempts by Plaintiff to amend its Complaint would be futile. Thus, this case cannot proceed in this forum. However, rather than

1

dismiss the action outright, the Court will grant Defendant's motion to transfer it to the United States District Court for the Eastern District of Virginia. *See* 28 U.S.C. § 1404(a).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Both Plaintiff's Complaint and Proposed Amended Complaint are virtually devoid of any factual allegations. Thus, all the Court can tell at this point is that the Plaintiff, a Delaware corporation with leasing offices in, among other places, Texas and New Jersey, entered into an agreement dated March 23, 2009 with Defendants, all of whom are citizens of Virginia, to lease certain trucking equipment. Pl.'s Proposed Am. Compl., Exh. A ("Lease Agreement"). The six Counts in the proposed Amended Complaint all make essentially the same claim: that Defendants owe Plaintiff $85,834.48 under the Agreement. Proposed Am. Compl. First through Sixth Counts.

Plaintiff filed its original Complaint in New Jersey Superior Court for Camden County on September 1, 2012. Defendants then removed the action to this Court on October 31, 2012 (Doc. No. 1). Very shortly thereafter, they filed a motion to dismiss the case for lack of personal jurisdiction, or, in the alternative, to transfer the case to the Eastern District of Virginia (Doc. No. 3). In response, Plaintiff moved to amend its original Complaint to respond to Defendant's jurisdictional arguments (Doc. No. 5). Finally, although the original two motions remained undecided, Plaintiff filed an identical motion to amend (Doc. No. 13).

## II. DISCUSSION & ANALYSIS

### A. Personal Jurisdiction

On a defendant's motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing such jurisdiction. *Mellon Bank (East) P.S.F.S. v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). However, where, as here, the factual record contains only pleadings

2

and affidavits, this burden involves merely establishing a *prima facie* case that personal jurisdiction exists over each defendant. *Fiscus v. Combus Finance AG*, No. 03-1328, 2006 WL 1722607 at *3 (D.N.J. June 20, 2006). Further, for purposes of deciding the motion, the Court accepts as true the factual allegations stated within the complaint. *Dayhoff Inc. v. H.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 2008) (discussing Rule 12(b)(2)).

Sitting in New Jersey, the Court may exercise personal jurisdiction over an out of state defendant only to the extent authorized by the state's long arm statute. Fed. R. Civ. P. 4(k)(1)(A). The New Jersey statute, however, is "intended to extend as far as is constitutionally permissible." *DeJames v. Magnificence Carriers, Inc.,* 654 F.2d 280 (3d Cir.1981). Thus, the Court applies general principles of federal constitutional law in order to determine whether it may exercise jurisdiction over these Defendant.

The exercise of personal jurisdiction over a non-resident defendant depends upon whether that defendant has established "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Telcordia Tech Inc. v. Telkom SA Ltd.*, 458 F.3d 172, 177 (3d Cir. 2006) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In particular, when a defendant establishes such minimum contacts, the Court may exercise so-called "specific personal jurisdiction" over that defendant for claims arising out of those contacts. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 149 (3d Cir. 1992). In determining whether specific personal jurisdiction exists in a given claim, the principal inquiry is whether the defendant, by some affirmative act, has "purposely avail[ed] itself of the privilege of conducting activities within the forum state." *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 482 (3d Cir. 1993) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). Alternatively, a court may exercise

"general personal jurisdiction" over a defendant that has "maintained systematic and continuous contacts with the forum state." *Marten v. Godwin*, 499 F.3d 290, 296 (3d Cir. 2007) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & n.8 (1984)). If a defendant maintains this level of contact with the forum state, personal jurisdiction will lie regardless of the claim's subject matter.

In this case, Plaintiff has come nowhere close to meeting its burden. It simply alleges no facts sufficient for a *prima facie* showing that this Court may properly exercise personal jurisdiction over Defendants. As an initial matter, the original Complaint, which is the operative document in this matter given that the Court has not granted Plaintiff's motion to amend its Complaint, alleges absolutely no facts that would connect Defendants to the state of New Jersey. In fact, the only allegation that mentions the forum state is with reference to *Plaintiff*'s status as a Delaware corporation with "offices" located in Haddonfield, New Jersey. Compl. 1. Obviously, allegations about Plaintiff's office locations are of little consequence to a Court endeavoring to determine whether it has personal jurisdiction over certain *defendants*. Thus, the original Complaint provides no support for the exercise of personal jurisdiction over any of the Defendants in this matter.

Viewing the contents of Plaintiff's Proposed Amended Complaint does nothing to strengthen Plaintiff's position.[1] The Amended Complaint does include additional jurisdictional pleadings. However, none of them establishes a nexus between any of the Defendants and the state of New Jersey. The Defendants are described as residing in Virginia and North Carolina. Proposed Am. Compl. ¶¶ 2-7. The Lease Agreement itself, which is attached as an exhibit, does not once mention the state of New Jersey, nor does it give the slightest indication that

---

[1] As a result of this finding, the Court will deny Plaintiff's two motions to amend its Complaint because its proposed amendments would be futile. *Accord Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000).

Defendants, by entering into this contract, would be on notice that they were "purposely availing [themselves] of the privilege of conducting activities within the forum state." *See Grand Entertainment Group*, 988 F.2d at 482.

Finally, Plaintiff's Proposed Amended Complaint contains a wholly conclusory allegation that a personal guaranty executed by an individual named Roy Fleming "contains a clause that provides this Court jurisdiction over a dispute over indebtedness." Proposed Am. Compl. ¶ 11. A copy of the guaranty is also attached. *See id.*, Exh. B ("Guaranty"). The clause at issue states that "Each Guarantor agrees that [Plaintiff] may bring any legal proceedings it deems necessary to enforce any or all of such Guarantor's obligations hereunder in any court in the State in which [Plaintiff]'s office administering the indebtedness is located." *Id.*

Plaintiff's contention is wholly without merit. First, this forum selection clause by its own terms applies only to actions asserted against *the guarantor*, not anyone else. Plaintiff makes clear that Mr. Fleming is not a party in this matter, but has been named in the Proposed Amended Complaint "for informational purposes only." Pl.'s Opp. Br. 5. Second, the clause states that jurisdiction against the guarantor will lie only in the state "in which [Plaintiff's] office *administering the indebtedness* is located." Guaranty (emphasis added). There is no allegation that office administering this alleged indebtedness is located in New Jersey. The Guaranty itself makes no mention of a New Jersey office. The underlying Lease Agreement similarly makes no mention of an office in the forum state. Instead, it mentions Plaintiff's office in Grapevine, Texas, and says that Defendants are permitted to take delivery of the trucking equipment in question in Richmond, Virginia. Lease Agreement 1. Thus, the Guaranty provides no indication that the guarantor would be subject to suit in a New Jersey court. For all of these reasons, the

Court finds that it is unable to exercise personal jurisdiction over any of the Defendants in this matter.

**B.      Transfer of Venue**

While the Court has found that it lacks personal jurisdiction over Defendants, it also notes that Defendants are amenable to continuing this cause of action in the state of Virginia. They acknowledge that they are subject to suit in that state's courts, and that venue is proper specifically in the Eastern District of Virginia. Def.'s Br. in Support of Mot. to Dismiss or in the Alternative Transfer 5-6. They thus request that this case be transferred under either 28 U.S.C. § 1404(a) or 28 U.S.C. § 1406(a).[2]

28 U.S.C. § 1404(a) allows a court to transfer a civil action "to any other district or division where it might have been brought." The moving party bears the burden of establishing the need for the transfer, and must submit "adequate data of record" to facilitate the Court's analysis. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 248 (1981).

The Court's 1404(a) analysis need not proceed by rigid rule, but will instead depend upon the facts of each case. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29-30 (1988). In this Circuit, courts considering a party's transfer motion should consider the private interests of the litigants as well as the public interests in the fair and efficient administration of justice. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995). Factors relevant to the parties' private

---

[2] The Court notes that 28 U.S.C. § 1406(a) is not applicable to this case because that provision applies only to claims which have been asserted in an improper venue. In this case, while it does not appear that venue in New Jersey would be proper under the general federal venue statute, 28 U.S.C. § 1391(b), that is not the relevant inquiry, given that this matter came before the Court upon removal by Defendants. *See* 28 U.S.C. § 1441. When a Defendant removes a state action to the federal forum, venue will be proper in the district "embracing the place where such action is pending." *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665 (1953); *Thorlabs, Inc. v. Townsend Communications, L.L.C.*, No. 03-4550, 2004 WL 1630488 at *2 n.1 (D.N.J. June 30, 2004) (citing *Chicosky v. Presbyterian Med. Ctr.*, 979 F. Supp. 316, 319-20 (D.N.J. 1997)). Here, Plaintiff's suit was pending in New Jersey Superior Court for Camden County before it was removed to the United States District Court for the District of New Jersey, Camden Vicinage. Thus, because venue is proper in this removal action, the controlling transfer of venue statute is 28 U.S.C. § 1404(a), not § 1406(a). The Court's analysis will proceed accordingly.

interests include the plaintiff's forum preference, the defendant's preference, whether the claim arose elsewhere, the convenience of the parties as indicated by their relative physical and financial condition, the convenience of the witnesses (to the extent that they may be unavailable for trial in the original forum), and the location of the books and records. *Id.* The public interest factors include: "(1) judgment enforceability; (2) 'practical considerations that could make the trial easy, expeditious, or inexpensive'; (3) court congestion in each district; (4) local interest in deciding local controversies at home; (5) the relevant public policies of each forum; and (6) in diversity cases, the district judge's familiarity with the applicable state law." *Thorlabs, Inc. v. Townsend Commc'ns, L.L.C.*, No. 03-4550, 2004 WL 1630488 (D.N.J. June 30, 2004) (citing *Jumara*, 55 F.3d at 879-80).

In this case, the Court need not undertake an extensive analysis in order to conclude that this case should be transferred to the Eastern District of Virginia. As to the private factors, while Plaintiff clearly preferred to file suit in New Jersey state court, it has failed to show any connection this state has either to the events giving rise to the claim or to the Defendants involved in the action. Defendants, on the other hand, have provided unsworn declarations to the Court averring that the Lease Agreement in question was negotiated and signed in Richmond, Virginia, that the Defendants are all located in Virginia, that Plaintiff's contracting agent is located in Virginia, and that the trucking equipment in question was to be leased in Virginia. Def.'s Br., Exh. A (Unsworn Declaration of Defendant Larry Battle) (Doc. 3). This is enough to convince the Court that "a substantial part of the events or omission giving rise to the claim occurred" in the Eastern District of Virginia, and therefore that venue is proper in that district. *See* 28 U.S.C. § 1391(b)(2). In addition, as stated above, Defendants acknowledge that they are subject to personal jurisdiction in this judicial district. With personal jurisdiction and venue

7

requirements satisfied, it is clear that the Eastern District of Virginia is a judicial district where this action "might have been brought."[3]  28 U.S.C. § 1404(a).

Finally, the Court notes that for the reasons stated above, the action simply cannot proceed in the district of New Jersey, as this court lacks personal jurisdiction over any of the Defendants.  Thus, the choice is not between two fora, but rather between one forum and outright dismissal of the action.  This circumstance further convinces the Court that transfer of this matter under 1404(a) is warranted to serve "the fair and efficient administration of justice."  *See Jumara*, 55 F.3d at 879.

## IV. CONCLUSION

For the reasons stated above, the Court, finding that it is without personal jurisdiction over Defendants, will grant Defendants' motion to transfer this case to the Eastern District of Virginia under 28 U.S.C. § 1404(a).  An appropriate order shall issue today.

Dated:   6/24/2013              /s/ Robert B. Kugler
                                ROBERT B. KUGLER
                                United States District Judge

---

[3] The Court notes that a federal district court has subject matter jurisdiction over this state law breach of contract case because the amount in controversy appears to be greater than $75,000 and the Defendants and Plaintiff are of diverse citizenship.  *See* 28 U.S.C. § 1332(a).